People v Jonathas (2021 NY Slip Op 01954)





People v Jonathas


2021 NY Slip Op 01954


Decided on March 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2021

Before: Gische, J.P., Singh, Scarpulla, Mendez, JJ. 


Ind No. 02929/17 Appeal No. 13457 Case No. 2020-01080 

[*1]The People of the State of New York, Respondent,
v
Sandley Jonathas, Defendant-Appellant. 


Tilem & Associates, P.C., White Plains (Peter H. Tilem of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York (Juan M. Merchan, J. at suppression hearing; Steven M. Statsinger, J. at plea and sentencing), rendered January 6, 2020, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a conditional discharge, unanimously reversed, on the law and the facts, and the indictment dismissed.
Defendant was a passenger in a car, bearing a Massachusetts license plate, that was stopped for driving through a red light in a "high crime" neighborhood. The driver of the car complied with the demands of one of the officers for his driver's license and that he get out of the car, but was "visibly nervous," breathing heavily, and stammering in his responses to the officer's questions. Moments later, one of the other officers asked whether there were any weapons in the car. This ultimately led to the recovery of a pistol from defendant.
These circumstances did not give rise to the founded suspicion of criminality that was required to authorize this level two inquiry (see People v Garcia, 20 NY3d 317, 324 [2012]). Contrary to the People's contention, neither occurrence of the stop for a traffic violation in a "high crime" area, nor the unproven perception of one of the officers that in general out-of-state license plates are more highly correlated with criminality than New York license plates, elevated the suspicion to the level required to authorize a common-law inquiry.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2021